UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-mj-00293-MJD |
| | ) | *SEALED* |
| SEARCH WARRANT, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION TO UNSEAL SEARCH WARRANT
MATERIALS AND STAY EXECUTION**

This matter is before the Court on a search warrant obtained by the United States Government requiring Google, Inc. to provide information related to an email account belonging to Josh Burkhart ("Burkhart"). The search warrant, application for search warrant and supporting affidavit were filed under seal. Burkhart was provided a copy of the search warrant by Google Legal Investigations Support. Burkhart asserts the search warrant may be overbroad and now requests the Court unseal the documents to allow him to evaluate the reasonableness of the warrant. Burkhart further requests the Court stay the execution of the search warrant until he has had the opportunity to raise potential challenges to its legitimacy. For the reasons set forth below, the Court **DENIES** Burkhart's *Motion for Access to Sealed Warrant Affidavit and Supporting Materials and Motion to Stay Execution of the Search Warrant*. [Dkt. 7.]

I.   **Background Facts**

On May 2, 2016, this Court issued search warrants authorizing the FBI to search for and seize evidence of federal criminal violations allegedly involving Burkhart and his brother, James Burkhart. The warrants were supported by the sworn affidavit of a federal agent. The application

and affidavit were sealed as the warrants related to an ongoing federal criminal investigation. The warrant was served on Google, who then notified Burkhart.[1]

Prior to filing this Motion, counsel for both parties discussed Burkhart's concern that a portion of the emails sought in the warrants would contain privileged communications with Burkhart's counsel. Counsel further discussed the government's Filter Team, which identifies potentially privileged materials (such as emails addressed to Burkhart's legal counsel and staff) and withholds them from the prosecution team until the matter can be addressed by the parties and/or the Court. Burkhart provided some, but not all, of the information necessary for the government to conduct its privilege review.

Burkhart filed this Motion on May 13, 2016 seeking access to the sealed search warrant application and supporting affidavit. [Dkt. 7.] Google suspended production of documents in response to the warrant pending the resolution of the motion.

## II.     Discussion

Burkhart asserts the search warrant is overbroad and argues he needs access to the application and supporting affidavit to challenge its legitimacy. The United States Supreme Court has recognized "a general right to inspect and copy public records and documents . . . ." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). Burkhart asserts this presumption in favor of access "in the face of Burkhart's legitimate and pressing need" to view the sealed materials, even at the pre-indictment stage, outweighs the potentially adverse consequences to the government's ongoing investigation. [Dkt. 8 at 1.] Noticeably absent from Burkhart's argument, however, is any significant factual support for his claim of "legitimate and pressing need" for the documents. Although disclosure of these documents would be a "defense

---

[1] Burkhart filed an identical motion for the search warrant served upon Microsoft Corp.. 1:16-mj-0297.

attorney's dream", the Seventh Circuit found if pre-indictment disclosure were required "the hands of law enforcement would be needlessly tied and investigations of criminal activity would be made unduly difficult if not impossible." *In re EyeCare Physicians of America*, 100 F.3d 514, 517 (7th Cir. 1996.)

In *EyeCare*, the government successfully applied for search warrants regarding an ongoing pre-indictment criminal investigation. 100 F.3d at 516-17. The subject of the warrant moved to access the warrant materials to ascertain their validity. *Id*. The magistrate judge denied the motion, reasoning the risk to the government investigation and the possible adverse consequences of disclosure established a compelling interest in sealing the materials that outweighed the interest in access. *Id*. On appeal the Seventh Circuit affirmed, noting the absence of a showing of particularized need to access the documents. *Id*. at 519.

Thus, after the government has shown a compelling interest, the movant must articulate a strong showing of particularized need to access the sealed documents. *Eyecare*, 100 F.3d at 519. This showing requires factual support, as "'bald assertions'" of a need are insufficient. *Id*. (quoting *Lucas v. Turner*, 725 F.2d 1095, 1107 (7th Cir. 1984)). The decision to grant access to sealed documents is "one best left to the sound discretion of the trial court . . . ." *Nixon*, 435 U.S. at 599. In making this determination, the magistrate [judge] or district court judge must "consider the potential adverse consequences of granting immediate access to the warrant affidavits." *Eyecare*, 100 F.3d at 518. These consequences include the naming of uncharged conspirators, misunderstandings regarding cooperation with the government, misunderstandings of the scope of the investigation, threats to the cooperation of named witnesses, and the possibility that the information would aid subjects of the investigation in hiding, withholding, or removing records pertinent to the investigation. *Id.* at 519.

As in *Eyecare*, the Government here has articulated the compelling interest of protecting the ongoing criminal investigation as justification for maintaining the seal on the warrant materials. The search warrant affidavit is the "roadmap" to the government's investigation, including names of sources and the detailed information gleaned during the investigation. While Burkhart argues he has a common law right of access to these records, he fails to establish a "particularized need" for access at the *pre-indictment stage*. Burkhart's assertion that he must have access to the documents to challenge the validity of the warrant was squarely denounced by the Seventh Circuit in *Eyecare*.

Likewise, Burkhart's argument that the Government's Filter Team is not sufficient to protect documents obtained in the search that are protected by attorney-client privileged is unfounded. There is no reason to believe the Filter Team, widely utilized in criminal investigations, will violate the attorney-client privilege. *See In re Ingram*, 915 F.Supp.2d 761, 765 (E.D. La. 2012) (noting its approval of the filter team was based upon the expectation and presumption that the team and prosecutors would "conduct themselves with integrity.") The Government provided a detailed outline of the Filter Team's procedure which has been approved by courts across the country. *See, e.g. In re Grand Jury Subpoenas*, 454 F.3d 511, 522-23 (6th Cir. 2006) (noting that the use of the "taint team to sift the wheat from the chaff constitutes an action respectful of, rather than injurious to, the protection of privilege.); *In re Ingram*, 915 at 765; *U.S. v. Taylor*, 2010 WL 2924414 (D. Maine 2010). Therefore, the concerns argued by Burkhart do not rise to the level of a particularized need for access to the sealed search warrant documents.

Furthermore, Burkhart's questioning of the Filter Team procedure proposed by the Government is distinct from his request to unseal the warrant application. The issue of privilege

in this case does not go to the seizure of the information in the first instance, which is the focus of Burkhart's request to unseal the warrant application. Rather, the issue of privilege comes to the forefront during the review of the information following its seizure. As such, Burkhart's privilege concerns do not constitute the "particularized need" to unseal the warrant application that Burkhart is required to demonstrate at the pre-indictment stage.

Nevertheless, as issues regarding protection of the privilege have been raised and have apparently not yet been resolved, counsel for Burkhart and the Government are directed to further confer in an effort to reach agreement regarding the screening process to be used. Should counsel fail to reach agreement on that issue in a timely fashion, they are directed to request a conference with the undersigned Magistrate Judge to further address the issue.

The Court finds that, at this pre-indictment stage, disclosure of the sealed search warrant application and affidavit likely would impair the Government's criminal investigation. As Burkhart has shown no particularized need to access those materials, the Court denies his motion.

### III. Conclusion

Based upon the foregoing, Burkhart's *Motion for Access to Sealed Warrant Affidavit and Supporting Materials and Motion to Stay Execution of the Search Warrant* [Dkt. 7] is **DENIED**.

Dated: 03 JUN 2016

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Nicholas J. Linder
UNITED STATES ATTORNEY'S OFFICE
nick.linder@usdoj.gov



Distribution via U.S. Mail to:

Thomas W. Farlow
FROST BROWN TODD LLC
201 North Illinois St., Suite 1900
P.O. Box 44961
Indianapolis, IN 46244-0961

Kevin M. Tierney
FROST BROWN TODD LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, OH 45202-4182